People v Reed (2024 NY Slip Op 03362)

People v Reed

2024 NY Slip Op 03362

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

CR-23-2423
[*1]The People of the State of New York, Respondent,
v
Sara E. Reed, Appellant.

Calendar Date:May 31, 2024

Before:Egan Jr., J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

Steven M. Sharp, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered October 10, 2023 in Albany County, convicting defendant upon her plea of guilty of the crimes of assault in the second degree and leaving the scene of an accident without reporting.
Defendant was indicted and charged with one count each of assault in the second degree and leaving the scene of an accident without reporting. The charges stemmed from an incident that occurred in January 2022 wherein defendant drove the wrong way on Interstate 787 in the City of Albany and struck another vehicle, causing serious injury to the driver thereof (hereinafter the victim). Defendant ultimately elected to plead guilty to the entire indictment with no sentencing commitment from Supreme Court. At sentencing, the People requested that the court impose a prison term of five years, and defendant sought a split sentence of "local time" followed by a period of probation. Supreme Court sentenced defendant upon her conviction of assault in the second degree to a prison term of two years followed by three years of postrelease supervision and to a lesser, concurrent period of incarceration upon the remaining charge. This appeal ensued.
Absent mitigating circumstances not at issue here (see Penal Law § 70.02 [4] [a], [b]), the two-year term of imprisonment imposed upon defendant's conviction of assault in the second degree was the minimum permissible term of imprisonment for that class D violent felony (see Penal Law § 70.02 [1] [c]; [3] [c]). Although defendant asserts that such term was unduly harsh or severe, we disagree and discern no basis upon which to reduce the sentence imposed in the interest of justice (see CPL 470.15 [6] [b]).
On the night in question, a passing motorist traveling southbound on Interstate 787 initially reported a motor vehicle "driving psychotically up the exit 4B off ramp in the wrong direction, at excessive speed"; according to the witness, the subject vehicle, which no one disputes defendant was operating, was "flying." A truck driver, who stopped to assist in the aftermath of defendant's collision with the victim's vehicle, indicated that a woman at the scene — concededly defendant — stated, "I had three drinks tonight," and indicated that she "[did] not know what to do." Defendant then fled the scene of the accident on foot and called her mother for a ride home. Unable to locate defendant, defendant's mother reached out to a relative who was a member of law enforcement, and the relative, in turn, telephoned defendant and urged her to turn herself in. In response, defendant, who was "hiding in a dumpster" somewhere in the City of Albany while attempting to evade nearby police officers, ended the phone call and was not arrested until approximately two months later.
Despite her statement at the scene, defendant subsequently indicated that she only had "a beer" on the night in question and, at sentencing, initially was evasive in response to Supreme Court's inquiries [*2]regarding whether she had been drinking prior to the accident. Following pointed questioning by Supreme Court, defendant ultimately acknowledged that her drinking was the cause of the accident, but she initially attributed the incident to getting "sort of lost finding her way back to downtown Albany," citing road design or weather conditions as possible contributing factors and indicating that her history of anxiety and attention deficit disorder caused her to make "impulsive" and "regrettable" decisions. Finally, although professing to accept responsibility for her actions, defendant actively evaded law enforcement following the accident and, more to the point, consistently was reluctant to acknowledge that the accident was caused by her drinking and driving. In short, we agree with Supreme Court that, despite defendant's statements of remorse, she failed to fully accept responsibility for and/or appreciate the consequences of her actions on the night in question. Taking all of the above into account, we discern no basis upon which to modify the sentence imposed in the interest of justice.
Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.